## Commonwealth v. Mitchell

*William Roth*, for petitioner.

*Frank E. Reed*, and *Lawrence M. Sebring*, contra.

McCONNELL, J., September 27, 1935.—On September 11, 1935, T. Stanley Mitchell, defendant in the above-stated case, presented his petition setting forth that on June 18, 1935, upon the information of his wife, Anna J. Mitchell, he had been arrested and charged with desertion and nonsupport; that the defendant was held for court and on the third day of July, after hearing, was adjudged guilty and sentenced to pay the costs of prosecution and $5 a week thereafter for the support of his wife, and a bond was required in the sum of $500; that at the time of the hearing before the court the defendant had been unem-

ployed and was unable to secure employment, although making constant and daily attempts to secure the same; that since the date of the decree of the court the defendant has earnestly tried to secure employment to meet the order of the court and maintain himself in the proper manner; that since July 3d the defendant has made three payments, each in the sum of $5, toward compliance with the order of court; that the defendant has on each of said occasions borrowed said money, and that he is now in arrears in the sum of $25 and that he is unable, due to lack of employment, to comply and pay in full the order of the court; that the defendant feels that Nellie M. Bechtel, his bondsman, may as a result of his failure to comply with the order of the court lose such property as she owns; that the petitioner has a good reputation for honesty and sobriety, and has never been arrested or convicted of any charge except the nonsupport charge above recited.

To this petition an answer was filed in which it was averred that the petitioner had refrained from any effort to secure employment for the purpose of pleading his poverty in bar of an action of support, and that he had intentionally sold a profitable business for a like purpose; it was denied that he had attempted to secure employment since the making of the order of court, and averred that if the petitioner had not expended his money on other persons he would have had sufficient money to comply with the order for a long time even if he remained unemployed. It was also denied that the defendant had a good reputation for honesty and sobriety.

Upon this petition and answer the matter came up for hearing on September 20, 1935, at which time testimony was taken which showed that the defendant had made every effort to secure employment, and that he had been unable to secure employment of any kind on account of the present depression. This condition is, of course, common to a great many people and we cannot but take cognizance of that fact.

At the time of the previous hearing it was shown that

the petitioner had been out of employment for some time; that a short time before the hearing he had sold a business in which he was engaged, but had not realized from the sale thereof more than enough to pay the indebtedness against the business; that he had no property of any kind, and could secure no employment. We made the order against him at the time of the original hearing in order to force him to make real efforts to secure employment. It seems that he has done that since the last hearing, and he offered in court to accept any job that was offered him.

The question which agitated us at the time of the hearing upon the petition was whether we could reduce or suspend the order for support in view of the fact that he had given a bond conditioned for the payment of the $5 a week, and as we understand it money can be collected from the bondsman. After due consideration we have decided that under the circumstances we have the right, and it is our duty, to suspend the payment of alimony in this case until the defendant can secure employment of some kind, and it is unfair to the bondsman not to do that under conditions as they now exist.

It was alleged by counsel at the time of the hearing that the bondsman, Nellie M. Bechtel, was a woman with whom the defendant had been running around before he separated from his wife, but we recall no evidence of that kind being produced in court. If there was, the order which we shall make will protect the wife as against her.

### Order

Now, September 27, 1935, after hearing and due consideration, the petition for modification of the order for support is granted, and the order requiring the defendant to pay $5 a week for the support of his wife, Anna J. Mitchell, is suspended until further order of the court; this modification is made on the condition that the defendant make continued efforts to secure employment, refrain from the use of intoxicating liquor, and shall not be in company anywhere with Nellie M. Bechtel either as a visitor, an escort or a companion, and if any of these con-

ditions is violated it is ordered that he be brought into court for sentence in compliance with the original order.

From Wm. F. Schutte, Beaver Falls.